UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL COLLOWAY,

        Petitioner,

  vs.

BEN CURRY, Warden,

        Respondent.
                                  /

No. C 08-4137 PJH (PR)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition raising equitable tolling and arguing against respondent's view of the amount of statutory tolling that is available, and supported the opposition with declarations. Respondent has not replied. The motion is **DENIED** for the reasons set out below.

## DISCUSSION

Respondent contends that the petition is barred by the statute of limitations.

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been

discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole).

Respondent contends the denial of parole became final on January 11, 2007, and petitioner agrees. The federal petition thus was due on or before January 11, 2008, absent tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;" absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year). It was not filed until August 29, 2008, so was untimely unless tolling applies.

Petitioner contends he is entitled to statutory tolling for the time his state habeas petitions were pending, a time that extended from at least May 18, 2007, when his first state petition was stamped "filed" in California Superior Court, to August 19, 2008, when the California Supreme Court denied his last state petition. If tolling is appropriate for that entire period the federal petition is timely. On the other hand, if it is not available for the period between the superior court's ruling and petitioner's filing in the court of appeal, as respondent argues – a period of about eight months – the federal petition is untimely by about eighteen days.

Ordinarily, the one-year limitation period is tolled under § 2244(d)(2) from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2006). Under California's collateral review process, for purposes of § 2244(d)(2), the time between a

2

lower court decision and the filing of a new petition in a higher court is treated as time the petition is pending as long as the state court does not dismiss the petition as untimely and the intervals between petitions are "reasonable." *Saffold*, 536 U.S. at 223-26. However, where there is no clear indication from the state court as to whether the petition was timely under California law, as here, the federal court must itself examine the delay and determine whether the petition was filed within what California would consider a reasonable period of time. *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006). Even when a state habeas petition is denied on the merits, the federal court must determine whether the petition was timely if the issue of timeliness was not addressed expressly by the state court. *Ibid.*

In *Chavis*, the Supreme Court held that an unexplained six-month delay between the denial of petitioner's state habeas petition in the court of appeal and the filing of his subsequent petition in the state supreme court was unreasonable:

> Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. *Saffold*, [536 U.S. at 219]. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable. Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

*Id.* at 201 (internal quotations and citations omitted).

Thus, *Chavis* made clear that, in California, an unjustified delay of six months is presumptively unreasonable; further, *Chavis* stressed that because of the continued lack of clarification from the California Supreme Court as to the scope of the words "reasonable time" in the context of delayed petitions, the federal courts would assume that "California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Id.* at 199-200.

Here the delay was 235 days, from October 1, 2007, to May 23, 2008, nearly eight months. Unlike the petitioner in *Chavis*, however, petitioner here provides an explanation for the delay and evidence to support his contention.

The jailhouse lawyer who was assisting petitioner had his legal papers. The jailhouse lawyer and petitioner have provided declarations in which they say that from November 15, 2007, when the jailhouse lawyer was placed in administrative segregation, until April 19, 2008, petitioner was unable to obtain his papers despite repeated requests for them to authorities and repeated promises that they would be returned. The *Chavis* analysis applies only to delays that are "unexplained" and "unjustified," whereas this delay is explained and justified. Given the problem with obtaining petitioner's papers, the delay in filing in the court of appeal was "reasonable." Petitioner is entitled to statutory tolling for the entire period his state court collateral actions were pending. This statutory tolling is more than sufficient to render the petition timely.

Alternatively, aside from the delay when his papers were unavailable, petitioner was prompt in his filings; he thus has established that he was diligent and that it was the absence of his papers that prevented him from filing this petition on time. He thus is entitled to equitable tolling. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (denial of access to legal papers while inmate is confined in ad-seg despite his repeated requests for them grounds for equitable tolling).

## CONCLUSION

For the reasons discussed above, respondent's motion to dismiss (document number 6 on the docket) is **DENIED**.

Respondent shall file an answer to the order to show cause within thirty days of the date this order is entered. Petitioner shall file his traverse (response) to the answer within thirty days of the date the answer is served on him. The court will rule on the petition without oral argument.

**IT IS SO ORDERED.**

Dated: August 11, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\COLLOWAY4137.Motion to dismiss sl.wpd

4