UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PAUL CALLOWAY,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.
_____/

No. C 08-4137 PJH (PR)

**ORDER DENYING HABEAS PETITION**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole.

This court ordered respondent to show cause why a writ should not issue. After respondent had answered and petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010), in which a number of important issues involving parole habeas cases were raised. In consequence, the court ordered the parties to provide supplemental briefs addressing the impact of *Hayward* on this case, which they have done. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

A Los Angeles County jury convicted petitioner of second-degree murder for killing Dennis "Wezo" Rogers. Pet. Ex. G (opinion of the California Court of Appeal on direct review) at 8. The jury also found it to be true that petitioner used a firearm in the murder. *Id.* The jury deadlocked on a second charge, for the killing of seven-year-old Kanita Hailey. *Id.* Petitioner initially was sentenced to twenty years to life, without the possibility of parole, for the Rogers killing. *Id.* Presumably as the result of a plea bargain, petitioner then pled

guilty to voluntary manslaughter for killing Hailey, and the court, at the request of the prosecution, vacated the sentence for the Rogers killing. *Id.* Petitioner then was resentenced to fifteen years to life, plus a two-year enhancement for personal use of a firearm, for the Rogers killing, and a concurrent term of six years for the Hailey killing, with a two-year enhancement for personal use of a firearm stayed. *Id.* His total sentence thus was seventeen years to life, with the possibility of parole. *Id.* at 9. The sentences were imposed on September 1, 1993. Pet. Ex. A at 2.

This petition is directed to a denial of parole on September 13, 2006. The Board found petitioner unsuitable for parole based upon the circumstances of the offense, petitioner's failure to obtain a vocation, and his failure to provide the Board with concrete or verifiable employment plans. Ans. Ex. 1 (state superior court habeas petition), attached Ex. E (2006 Parole Hearing Transcript) [hereafter "Tr."] at 62-64. The Board also noted that Calloway had received two minor disciplinary violations since his last parole hearing. Tr. at 49.

## DISCUSSION

### I. Standard of Review

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that

2

reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**II.     Issues Presented**

    **A.     Respondent's Contentions**

In the answer, respondent argues that California prisoners have no liberty interest in

3

parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence.  He says these contentions are made to preserve the issues for appeal.  As discussed further below, even after the en banc decision in *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc), these contentions are incorrect.  *See Pirtle v. California Bd. of Prison Terms*, 2010 WL 2732888 at * 4 (9th Cir. July 12, 2010) (California law creates a federal liberty interest in parole; that liberty interest encompasses the state-created requirement that a parole decision must be supported by "some evidence" of current dangerousness); *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (same); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (same).

### B. Petitioner's Claims

The petition lists only one claim for relief, but in that claim petitioner asserts both (1) that there was no evidence to support the denial; and (2) that the Board's repeated denials of parole based on the circumstances of the offense violated due process, citing *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003).  The court therefore will treat the petition as presenting those two claims.

#### 1. "Some Evidence" Claim

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

##### A. Impact of *Hayward*

In *Hayward* the court held that there is no constitutional right to "release on parole, or to release in the absence of some evidence of future dangerousness," arising directly from the Due Process Clause of the federal constitution; instead, any such right "has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The court overruled *Biggs,* 334 F.3d 910; *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state

law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. All three of those cases had discussed the "some evidence" requirement, but in all three it was clear that the requirement stemmed from a liberty interest created by state law; that point, therefore, was not overruled by *Hayward*. *See Biggs*, 334 F.3d at 914-15; *Sass*, 461 F.3d at 1127-19; *Irons*, 505 F.3d at 850-51; *see also Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (post-*Hayward* case; noting that California law gives rise to a liberty interest in parole). However, all three also contained references in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs*, 334 F.3d at 916-17; *see also Sass*, 461 F.3d at 1129; *Irons*, 505 F.3d at 853-54. It appears that this possibility – referred to below as a *Biggs* claim – is the only thing that was "overruled" by *Hayward*.

Respondent's argument that *Hayward* has transformed the legal landscape is belied by the Ninth Circuit's subsequent decisions interpreting that case. Aside from making clear that there could be no *"Biggs* claim" arising directly from the Due Process Clause of the Constitution, it appears that *Hayward* has had no significant impact on federal habeas review of California parole decisions. The Ninth Circuit still recognizes that California law gives rise to a liberty interest in parole. *Pirtle*, 2010 WL 2732888 at * 4; *Cooke,* 606 F.3d at 1213-14; *Pearson,* 606 F.3d at 610-11. Under California law, "some evidence" of current dangerousness is required in order to deny parole. *Hayward*, 603 F.3d at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008), and *In re Shaputis*, 44 Cal.4th 1241 (2008)). "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state." *Cooke*, 606 F.3d at 1213. A federal court considering a "some evidence" claim directed to a parole denial thus must determine whether there was "some evidence" of current dangerousness to support the parole board's decision; if not, the prisoner's due process rights were violated. This was also true prior to *Hayward*, albeit the rationale now is that the Court is applying California's "some evidence" rule as a component of the required federal due process. In short, the Ninth Circuit decisions after

the en banc decision in *Hayward* have essentially returned things to the way they were before that case was decided.

### 2. Analysis

A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(1)-(2)). That requirement was summarized in *Hayward* as follows:

> [a]s a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Id.* at 562 (quoting *Lawrence*, 44 Cal. 4th. at 1191, 1209-15); *see also Cooke*, 606 F.3d at 1214 (describing California's "some evidence" requirement).

When a federal court considers a habeas case directed to a parole decision, the "necessary subsidiary findings" and the "ultimate 'some evidence' findings" by the state courts are factual findings – and thus are reviewed by the federal court under 28 U.S.C. § 2254(d)(2) for whether the decision was "based on an unreasonable determination of the facts in light of the evidence." *Cooke*, 606 F.3d at 1214 (citing *Hayward*, 603 F.3d at 563).

The nature of the offense was one basis for the board's conclusion that petitioner would be a danger to society if paroled. The board set out the facts of the offense as provided in the probation report:

> July 9, 1989, at approximately 10:30 p.m. Inmate Calloway and two unidentified black males chased down the victim Dennis Rogers in the Imperial Court Housing Projects and shot him. (inaudible). Calloway was positively identified as the shooter. An investigation revealed that a contract was put on

6

Dennis Rogers, aka "Weasel"[1] by Cedrick Miguel . . . a known drug dealer[,] because Dennis Rogers and his companion Donnel . . . Jones, aka ["]Duke,["] had carjacked Cedrick Miguel's wife. Calloway was identified (inaudible) the car and shot at Donnel Jones, Duke (inaudible). Duke ducked down to the ground and 7-year-old Kanita . . . Haley was hit in the head and killed. Calloway was the shooter in both incidents. On September 14, 1989[,] detectives (inaudible) 211 E. 113th Street. They (inaudible) a search warrant and recovered two guns (inaudible). Calloway was in the residence the day the (inaudible) was taken into custody for the (inaudible).

Tr. at 9-10. The Board characterized petitioner's position as being that he "doesn't know anything about the crime and he's (inaudible)." *Id.* at 10-11. Petitioner agreed that this was correct, presumably meaning that it was a correct statement of his position. *Id.* at 11. The Board found, in denying parole, that the facts were as quoted above. *Id.* at 1-2.

One of the killings was a contract killing, showing how cold-blooded and indifferent to a stranger's suffering petitioner was, and that he was the sort of person who would inflict that suffering merely because someone had ordered it. And in his attempt to kill Duke as part of the contract he fired when others could be hit, and in fact caused the death of an innocent little girl. These crimes very strongly suggest that petitioner was, at the time he committed them, a person who was a very serious threat to the safety of the community. The question is, how much predictive value did that fact still have at the time of the parole hearing?

At the time of the hearing in 2006, petitioner was approximately forty-two years old,

---

[1] The California Court of Appeal opinion on direct appeal says that Rogers' nickname was "Wezo," not "Weasel." It seems likely that "Weasel" is a mistranscription. Pet. Ex. G at 2.

The transcript of the hearing is full of "(inaudible)" notations, sometimes to the extent that is it not possible tell what was being said. *See, e.g.,* Tr. 26-28, 54-55. Furthermore, pages twenty-eight through thirty-four and pages thirty-four through forty are clearly two transcriptions of the same portion of the tape; unfortunately, the transcriptions differ a bit. For instance, on page twenty-eight Presiding Commissioner Biggers is shown as saying: "I'm going to now look at your parole plans and you indicated that your primary program is to go to one of the (inaudible) in Chattanooga, Tennessee?" Tr. 28. On page thirty-four, what appears to be the same question is transcribed as "You indicated that your primary parole (inaudible) is to go with your mother back in Chattanooga, Tennessee?" Tr. 34.

The state prepares the transcripts. The Attorney General should note that when federal review is for "some evidence," it is not in the state's interest to have lacunae in the record, nor to have the transcript so carelessly prepared (the duplicative pages) as to cast doubt on its accuracy. In this case, however, where the offenses were egregious and petitioner had served only thirteen years, the transcription defects are not critical.

7

Tr. 15, and had served thirteen years on his sentence of seventeen years to life. This is a relatively minimal passage of time, considering the egregious nature of the crimes, and the court concludes that the circumstances of the offense were still, in 2006, "some evidence" that petitioner would be a danger to society if released.

The state courts' applications of the California "some evidence" requirement, and those courts' consequent rejections of the claim, were not "based on an unreasonable determination of the facts in light of the evidence." *See* 28 U.S.C. § 2254(d)(2). This claim therefore cannot be the basis for federal habeas relief. *See Cooke*, 606 F.3d at 1214 (federal habeas court considering California parole "some evidence" claim must apply § 2254(d)(2)); *Hayward*, 603 F.3d at 562-63 (requiring application of California's "some evidence" standard).

**2.    *Biggs* Claim**

Petitioner contends that the Board violated his due process rights by repeatedly denying parole based on the circumstances of his offense.

In *Biggs*, the court said, in dictum, that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs*, 334 F.3d at 917. As discussed above, the court in *Hayward* overruled any implication that such a claim might be viable. *Hayward*, 603 F.3d at 556. This claim therefore is without merit.

**CONCLUSION**

Petitioner's motion for an extension of time to file his traverse (document number 11 on the docket) is **GRANTED**. The traverse is deemed timely.

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 10, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\CALLOWAY4137.rul.wpd